# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENWICH INSURANCE COMPANY, a Delaware Corporation, | Case No.: CV 15-4426-GW(JCx) |
| Plaintiff, | **JUDGMENT GRANTING GREENWICH INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| GOODWIN & THYNE PROPERTIES, INC. | |
| Defendant | Action Filed: June 11, 2015 |
| | JUDGE:    Hon. George H. Wu |
| and | CTRM:     10 |
| | DATE:     October 3, 2016 |
| WILLIAM P. PAXSON, | |
| Necessary Party Defendant | |

Pursuant to "Greenwich Insurance Company's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56" submitted by Plaintiff Greenwich Insurance Company and signed by the attorneys of record for the parties of the above-entitled action, the court's ruling pursuant to the status conference held on October 6, 2016, and good cause appearing therefore, IT IS HEREBY ORDERED THAT:

1.   Pursuant to Fed. R. Civ. P. 56, summary judgment is granted in favor of Greenwich Insurance Company on Count I of Greenwich's Complaint, finding that the prior knowledge provision of the Insuring Agreement of Greenwich Policy

1  No. PEG9168643-1, with a Policy Period of May 28, 2014 to May 28, 2015 precludes coverage for Goodwin & Thyne Properties, Inc., and all of its employees, agents and representatives, for the entire litigation captioned *William P. Paxson v. John J. Thyne, III, et al.*, designated Case No. 1469428 ("Paxson Complaint").

2. Pursuant to Fed. R. Civ. P. 56, summary judgment is granted in favor of Greenwich Insurance Company on Counts VIII and IX, finding that because coverage for the entire Paxson Complaint is precluded, Greenwich is entitled to reimbursement of all defense fee payments made in connection with the Paxson Complaint, on behalf of Goodwin & Thyne Properties, Inc., or any of its employees, agents and representatives.

3. Pursuant to Fed. R. Civ. P. 41(a)(2), Counts II, III, IV, V, VI and VII of Greenwich's Complaint are hereby dismissed without prejudice as moot.

4. As of October 5, 2016, Greenwich Insurance Company paid $5,165.05 in the form of defense fee payments made in connection with the Paxson Complaint, on behalf of Goodwin & Thyne Properties, Inc., or any of its employees, agents and representatives. *See* Declaration of Lionel Santos, Dkt. No. 64.

5. Based on the foregoing, Greenwich is entitled to reimbursement of the entire amount of $5,165.05 in the form of defense fee payments made in connection with the Paxson Complaint, on behalf of Goodwin & Thyne Properties, Inc., or any of its employees, agents and representatives.

6. Pursuant to Fed. R. Civ. P. 56, summary judgment is granted in favor of Greenwich Insurance Company, finding that because coverage for the Paxson Complaint is precluded, Greenwich is entitled to prejudgment interest on reimbursement of defense fee payments made in connection with the Paxson Complaint, on behalf of Goodwin & Thyne Properties, Inc., or any of its employees, agents and representatives at a rate of 10% per annum from the date the

claim arose. Cal. Civ. Code § 3287(a).

7.  Based on the foregoing, as of October 5, 2016, Greenwich Insurance Company is entitled to prejudgment interest at 10% on date each invoice was paid in connection with the $5,165.05 principal.

8.  Based on the aforementioned prejudgment interest rate, Greenwich Insurance Company is entitled to a total of $559.78 in prejudgment interest, as of October 5, 2016. This amount continues to accrue prejudgment interest each day it remains unpaid. *See* attached as **Exhibit 1**.

9.  Pursuant to Fed. R. Civ. P. 56, summary judgment is granted in favor of Greenwich Insurance Company, finding that because coverage for the Paxson Complaint is precluded, Greenwich is entitled to post-judgment interest on reimbursement of defense fee payments made in connection with the Paxson Complaint, on behalf of Goodwin & Thyne Properties, Inc., or any of its employees, agents and representatives at a rate that is the weekly average one-year constant maturity Treasury yield for the calendar week preceding the date of the entry of judgment.

10. Based on the foregoing, as of October 5, 2016, Greenwich Insurance Company is entitled to post judgment interest at 0.46% on the $5,165.05 principal for eighty-three (83) days, resulting in post judgment interest of $5.40. This amount continues to accrue post judgment interest each day it remains unpaid.

11. In total, a judgment is entered against Defendant Goodwin & Thyne Properties, Inc. and in favor of Greenwich Insurance Company for an amount of $5,730.23.

12. Defendants are, and remain, responsible for the payment of all past, present and future outstanding, unpaid or accrued defense costs or invoices in connection with the Paxson Complaint, including any invoice which would constitute or comprise the Insureds' $10,000 deductible under the Greenwich Policy. Greenwich has no further responsibility for the payment of any past,

present and future outstanding, unpaid or accrued defense costs or invoices in connection with the Paxson Complaint.

13. The United States District Judge shall retain jurisdiction over all disputes between and among the parties arising out of the Judgment; and

14. Each party shall bear his or its own costs and attorneys' fees.

**IT IS SO ORDERED.**

Dated: October 7, 2016        By: _____/s/ George H. Wu_____
                                                    Hon. George H. Wu
                                                    United States District Judge

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENWICH INSURANCE COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GOODWIN & THYNE PROPERTIES, INC.<br><br>Defendant<br><br>and<br><br>WILLIAM P. PAXSON,<br><br>Necessary Party Defendant | Case No.: 2:15-CV-4426 GW<br><br>**GREENWICH INSURANCE COMPANY PREJUDGMENT INTEREST CALCULATION**<br><br>Action Filed: June 11, 2015<br>JUDGE:   Hon. George H. Wu<br>CTRM:   10<br>DATE:   October 3, 2016 |

2600618v.1

| PAYMENT NUMBER | PAYEE | DATE POSTED | AMOUNT PAID | DAYS FROM PAYMENT TO OCTOBER 5, 2016 |
|---|---|---|---|---|
| 1 | Nemecek and Cole | 11/19/2015 | $451.40 | 322 days |
| 2 | Spile, Siegal, Leff | 12/10/2015 | $253.50 | 301 days |
| 3 | Nemecek and Cole | 12/18/2015 | $399.10 | 293 days |
| 4 | Nemecek and Cole | 01/27/2016 | $1,921.00 | 253 days |
| 5 | Nemecek and Cole | 03/16/2016 | $1,598.55 | 204 days |
| 6 | Nemecek and Cole | 04/20/2016 | $541.50 | 169 days |
|   |   |   | TOTAL: $5,165.05 |   |

**Pursuant to relevant California law (Cal. Civil Code §§ 3287(a) and 3289), prejudgment interest is calculated from the date of payment at a rate of 10% per annum. The defense payments at issue in this matter were made at various times as indicated above. Therefore, the prejudgment interest calculation takes into account the number of days each payment (or combined payments) were outstanding.

In connection with the foregoing, the next page illustrates the calculations in connection with the chart above. For example, "Payment No. 1" above was paid 322 days ago, while "Payment No. 2" above was made 301 days ago. Pursuant to California law, prejudgment interest began to run on "Payment No. 1" on November 19, 2015. Moreover, when "Payment No. 2" was made on December 10, 2015, prejudgment interest began to run on the sum of "Payment No. 1" and "Payment No. 2." Following this structure, when "Payment No. 3" was made on December 18, 2015, prejudgment interest began to run on the sum of "Payment No. 1", "Payment No. 2" and "Payment No. 3." This calculation continued until the last payment by Greenwich on April 20, 2016, at which time prejudgment interest began to run on the entire amount of $5,165.05. The calculations are set forth in more detail on the next page, however, the full prejudgment interest amount is **$559.78**.

2

2600618v.1

PREJUDGMENT INTEREST CALCULATIONS AT RATE OF 10%

1. $451.40 – 21 days
    a. 451.40 x 10% = $45.14/365 = 0.124/day
    b. 0.124 x 21 days = $2.59
    c. Prejudgment Interest – $2.59

2. $704.90 – 29 days
    a. $451.40 + 253.50 = $704.90
    b. 704.9 x 10% = $70.49/365 = 0.193/day
    c. 0.193 x 29 days = $5.60
    d. Prejudgment Interest – $5.60

3. $1,104.00 – 69 days
    a. $704.90 + $399.10 = $1,104.00
    b. 1,104.00 x 10% = $110.40/365 = 0.302/day
    c. 0.302 x 69 days = $20.84
    d. Prejudgment Interest – $20.84

4. $3,025.00 – 118 days
    a. $1,104.00 + $1,921.00 = $3,025.00
    b. 3,025.00 x 10% = $302.50/365 = 0.829/day
    c. 0.829 x 118 days = $97.79
    d. Prejudgment Interest – $97.79

5. $4,623.55 – 153 days
    a. $3,025.00 + $1,598.55 = $4,623.55
    b. 4,623.55 x 10% = $462.355/365 = 1.267/day
    c. 1.267 x 153 days = $193.81
    d. Prejudgment Interest – $193.81

6. $5,165.05 – 169 days
    a. 5,165.05 x 10% = $516.505/365 = 1.42/day
    b. 1.42 x 21 days = $239.15
    c. Prejudgment Interest – $239.15

7. TOTAL – $559.78

3

2600618v.1